UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sina Roughani, | Case No. 24-cv-3214 (NEB/DJF) |
| Plaintiff, | |
| v. | |
| Hennepin County and Sarah McLaren, *Hennepin County Attorney*, | ORDER |
| Defendants. | |

This matter is before the Court on Plaintiff Sina Roughani's self-styled Motion to Waive Discovery (ECF No. 4) and self-styled Motion for Sealing (ECF No. 8.) For the reasons set forth below, the Court denies both motions.

I.   **Background**

Mr. Roughani filed a complaint under seal on August 9, 2024 ("Complaint") (ECF No. 1). He brings claims against Hennepin County and Hennepin County Attorney Sarah McLaren, which appear to allege: violations of the First, Fourth, Eighth, and Fourteenth Amendments; violations of Section 504 of the Rehabilitation Act and Title III of the Americans with Disabilities Act ("ADA"); and various common law torture and fraud claims (ECF No. 1 at 3-4). Defendants have not yet responded to Mr. Roughani's Complaint, but they opposed both motions. (*See* ECF Nos. 13, 16.)

II.   **Motion to Waive Discovery**

Mr. Roughani seeks to "waive discovery and proceed to trial at an accelerated schedule considering the overwhelming evidence proving all elements the underlying ADA and torture claim, fraud, and everything described that were already discovered and submitted to the court and [Defendants] insufficiently defended themselves in an investigation on the basis of no evidence but

were defeated with their own discovery." (ECF No. 4.) He does not provide any factual or legal support for his request. (*See id.*)

Although Mr. Roughani is representing himself pro se in this matter, he is still subject to the same procedural and legal standards that govern attorneys. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (citing *Faretta v. California*, 422 U.S. 806, 834–35 n. 46 (1975) ("pro se litigants are not excused from failing to comply with substantive and procedural law.") The Federal Rules of Civil Procedure govern discovery. *See* Fed. R. Civ. P. 26. While the Rules do provide for certain stipulated or court-ordered exceptions to streamline the discovery process, they do not allow the Court to waive discovery entirely unless all parties agree and there is a sufficient record already available. *See id.* This case is still in its early stages, no fact record exists in this matter, and Defendants do not agree to waive discovery. Absent any basis in law to grant Mr. Roughani's request, the Court denies his Motion to Waive Discovery (ECF No. 4).

**II.     Motion for Sealing**

Mr. Roughani asks the Court to seal this case in its entirety because "it involves torture" and may identify "content regarding proof of endorsement of vile ideologies." (ECF No. 8 at 1.) The parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). Notwithstanding, the right of access is not absolute and requires courts to balance the competing interests of public access against the legitimate interests of maintaining the confidentiality of the information sought to be sealed. *Id.* at 1123. "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal

2

courts." *Id.* at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d. Cir. 1995)).

Mr. Roughani's vague assertion that this matter "involves torture" and may identify "endorsement of vile ideologies" fails to identify any colorable legal justification for sealing the judicial records in this matter. (*See* ECF No. 8.) The Court finds no basis for depriving the public of its right to access the records in this case and thus denies Mr. Roughani's Motion for Sealing (ECF No. 8).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Sina Roughani's Motion to Waive Discovery (ECF No. 4) is **DENIED**;

2. Plaintiff Sina Roughani's Motion for Sealing (ECF No. [8]) is **DENIED;** and

3. The Court directs the Clerk of Court to unseal this matter.

Dated:  August 27, 2024        *s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge

3